892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence F. MATHES, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 89-5257.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 This case arises out of a denial of social security disability benefits. The main issue is whether an administrative law judge made too "mechanical" an application of the age categories in the "grid," 20 C.F.R., Part 404, Subpart P, Appendix 2. We conclude that the grid was properly applied and that there was substantial evidence to support the denial of benefits. We shall therefore affirm the judgment of the district court, which so held.
 
 
 2
 Appellant Lawrence Mathes, a truck driver with a seventh grade education, injured his back on September 14, 1985, while bending to pick up boxes. He was hospitalized with a diagnosis of severe back strain, torn ligaments, and a disc herniation.
 
 
 3
 Mr. Mathes filed for disability benefits in 1986. An administrative law judge determined in September of 1987 that he was disabled. The ALJ concluded, however, that the date of disability was July 6, 1987, the date on which Mr. Mathes turned 55, not September 14, 1985, the date on which the injury occurred.
 
 
 4
 The medical vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, indicated that until Mr. Mathes reached "advanced age" status by attaining the age of 55, he was not disabled within the meaning of the Act. See Rules 202.01 and 202.10 of Appendix 2, Subpart P of Social Security Administrative Regulation No. 4. Mr. Mathes contends that because age categories should not be applied mechanically in borderline situations, 20 C.F.R. 1563(a), the onset of disability should be deemed to have occurred before he reached his fifty-fifth birthday.
 
 
 5
 The argument that the grid was applied too "mechanically" is based upon Social Security Administration Ruling 83-20, which states in relevant part:
 
 
 6
 "The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 For disabilities of traumatic origin, onset is the day of the injury if the individual is thereafter expected to die as a result or is expected to be unable to engage in substantial gainful activity (SGA) (or gainful activity) for a continuous period of at least 12 months (emphasis supplied)."
 
 
 10
 Mr. Mathes asserts that back pain precluded him from working and forced him to lie down for 12 to 14 hours a day. The medical evidence, however, suggests that he was able to perform a wide range of light work. It is significant, we think, that his treating physician released him to perform light level work activity prior to the expiration of 12 months following the date of injury. The agency was entitled to conclude that SSR 83-20 was inapplicable.
 
 
 11
 The Secretary's findings of fact must be accepted by the courts if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). This court "may not try the case de novo, nor resolve conflicts of evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 12
 The fact that the ALJ could have treated Mr. Mathes as having reached advanced age status at the time of the injury does not mean that the ALJ abused his discretion by failing to do so. As we stated in Crady v. Secretary of Health and Human Services, 835 F.2d 617, 622 (6th Cir.1987), "The fact that age categories are not to be applied mechanically ... obviously does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category."
 
 
 13
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation